Vernon M. Winters (SBN 130128)
Irene Yang (SBN 245464)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104-1715
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400
Email: irene.yang@sidley.com
Email: vwinters@sidley.com

David T. Pritikin (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7359
Facsimile: (312) 853-7036
Email: dpritikin@sidley.com

Jeffrey P. Kushan (*Pro Hac Vice*)
Thomas A. Broughan III (*Pro Hac Vice*)
Hamilton C. Simpson (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
Email: jkushan@sidley.com
Email: tbroughan@sidley.com
Email: hsimpson@sidley.com

Ching-Lee Fukuda (*Pro Hac Vice*)
Sharon Lee (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: clfukuda@sidley.com
Email: sharon.lee@sidley.com

Kelley A. Conaty (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: kconaty@sidley.com

Brooke S. Zarouri (SBN 318372)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Phone: (213) 896-6633/Fax: (213) 896-6600
Email: bzarouri@sidley.com

*Attorneys for Defendant and Counter Claimant*
*Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMNI MEDSCI, INC., <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> APPLE INC, <br><br> Defendant/Counter Claimant. | Case No.: 19-cv-05924-YGR <br><br> **APPLE INC.'S MOTION TO STAY PENDING RESOLUTION OF APPLE'S STANDING MOTION [ECF 327] AND INTER PARTES REVIEW PETITIONS** <br><br> Date: December 17, 2019 <br> Time: 2:00 p.m. <br> Judge: Hon. Yvonne Gonzalez Rogers <br> Courtroom: 1, 4th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to L.R. 7-2(b)(2), **NOTICE IS HEREBY GIVEN** that on December 17, 2019, at 2:00 p.m., or such other time as ordered by the Court above, located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Courtroom 1 - 4th Floor, Defendant and Counter Claimant Apple Inc. ("Apple") will respectfully move the Court for an Order staying this case. Apple seeks this Court to continue the stay of this case pending resolution of Apple's concurrently filed Civil Local Rule 7.9 request for leave to file a motion for reconsideration of the Eastern District of Texas's order regarding Omni's standing in this case (the "Standing Motion," ECF No. 327), filed November 8, 2019, given the motion's case dispositive nature. In the alternative, if the Court denies the stay or denies the Standing Motion, Apple requests the Court to continue the stay of this case because the Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* reviews ("IPRs") against all asserted claims of the patents asserted in this case, U.S. Patents Nos. 9,651,533; 9,757,040; and 9,861,286.

Apple's motion is based on this notice, the memorandum and points of authorities set forth below, the Court's files, information of which the Court may take judicial notice, and all further evidence as may be presented prior to or after the filing of the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case was just transferred to this Court from the Eastern District of Texas, and it is currently stayed until this Court enters a scheduling order. Apple requests this Court to continue the temporary stay pending resolution of Apple's concurrently filed request for leave to file a motion for reconsideration of the order by the Eastern District of Texas regarding standing of Omni to assert the patents-in-suit (the "Standing Motion," ECF No. 327). As that motion explains, this Court lacks subject-matter jurisdiction and thus lacks the power to adjudicate this case. Granting a stay, consistent with Rule 1 of the Federal Rules of Civil Procedure, would be efficient because it would conserve judicial and party resources. A stay also would not cause prejudice, undue or otherwise: the plaintiff has not sought preliminary injunctive relief and does not sell a competing product.

In the alternative, if the Court does not dismiss these actions based on Apple's Standing Motion or declines to administratively continue the stay in these actions, Apple moves to stay this case because the Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* review ("IPR") on all of the asserted claims of patents asserted in this action (i.e., U.S. Patents Nos. 9,651,533 (the "'533 patent"); 9,757,040 (the "'040 patent"); and 9,861,286 (the "'286 patent") (collectively the "Asserted Claims"). Staying the case until the PTAB issues final written decisions would simplify this case by reducing the number of invalidity issues to be resolved by the jury or by obviating the need for a trial at all if, consistent with its institution decision, the PTAB cancels the Asserted Claims.

**II.    PROCEDURAL HISTORY**

Plaintiff Omni MedSci, Inc. ("Omni") originally filed this suit ("Omni I") in the Eastern District of Texas on April 6, 2018, alleging infringement by Apple of the '533, '040, and '286 patents. ECF No. 1.  On October 10, 2018, Omni filed a second suit ("Omni II") against Apple in the Eastern District of Texas, and subsequently filed several amended complaints adding additional patents to the case, the last of which was filed on February 26, 2019.[1] In Omni II, Omni is asserting

---

[1] *Omni MedSci, Inc. v. Apple Inc.*, Case No. 18-cv-429 (E.D. Tex.) (now N.D. Cal. Case No. 19-cv-5673) ("Omni II"), ECF Nos. 1, 42, 52.

the '286 patent as well as patents not asserted in Omni I. *Omni II*, ECF No. 52.

On April 10, 2019, Apple filed *inter partes* review ("IPR") petitions seeking review of all asserted claims of the Omni I patents.[2] The Patent Trial and Appeal Board ("PTAB") instituted review of all of those asserted claims, with the last institution coming on November 6, 2019.[3]

Before that last institution, the Texas Court granted Apple's motion to transfer the case to this District. ECF No. 279 at 9. At that time, fact and expert discovery had already closed, but in view of the transfer to this Court, the Texas Court entered a stay of all deadlines in the Omni I and Omni II cases pending their transfer to this Court. ECF No. 283. On October 29, 2019, this case was reassigned to the Hon. Gonzalez Rogers, J., and related to the Omni II case. ECF Nos. 315, 316. The Court has not yet set a case management conference in this case, but has set one in Omni II, December 16, 2019. Omni II ECF No. 174.

## III. ARGUMENT

### A. The Court Should Continue the Administrative Stay Pending Resolution of Apple's Standing Motion

The Court should continue the administrative stay of this case pending its disposition of Apple's Standing Motion. As that motion explains, this Court lacks subject-matter jurisdiction because Omni does not own the patents that it has asserted. Instead, the University of Michigan owns them—which means that Omni lacks standing, and this Court thus lacks subject-matter jurisdiction over these two actions. ECF No. 327.

Ownership of the Asserted Patents—and thus standing—is an issue on which Omni bears the burden and on which Omni could have and should have resolved with the University *before* filing two lawsuits against Apple. Consistent with Rule 1 of the Federal Rules of Civil Procedure's instruction that federal court litigation be both inexpensive and just, Apple should not be forced to continue to spend significant sums to litigate claims filed by a plaintiff who does not own the Asserted Patents. Likewise, it is inappropriate for Omni to ask this Court to expend its limited resources on a case that Omni should never have brought.

---

[2] IPR2019-00913 and IPR2019-00916 ('533 patent); IPR2019-00910 and IPR2019-00917 ('040 patent); IPR2019-00911 and IPR2019-00914 ('286 patent).
[3] Decl. of Thomas Broughan in Support of Mot. to Stay ("Broughan Decl.") Exs. A-C.

As noted above, a temporary stay that continues the stay that the Texas Court granted, will not prejudice Omni, unduly or otherwise: it has not sought a preliminary injunction, and does not compete with Apple. This is a lawsuit only about money. *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 958 (N.D. Cal. 2019); *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1030 (N.D. Cal. 2014) (Gonzalez Rogers, J.). As this district has recognized, where (as here) an early motion would dispose of the case entirely, a temporary stay is appropriate. *Matera v. Google, Inc.*, Case No. 15-cv-04062-LHK, 2016 WL 454130, at *3 (N.D. Cal. Feb. 5, 2016) (finding resolution of question of standing "weighs in favor of granting a temporary stay.").

### B. Alternatively, the Court Should Stay Proceedings Pending Resolution of Apple's IPRs

If the Court declines to administratively extend the stay, or if it declines to dismiss the action based on Apple's Standing Motion, this Court should stay this case pending the final written decisions in the IPRs the PTAB has instituted against the asserted claims in this case.

Courts in this District, including this Court, routinely stay infringement claims pending *inter partes* review, especially when a majority or all of the asserted claims are subject to review. *Brixham Sols. Ltd. v. Juniper Networks, Inc.*, Case No. 13-CV-00616-JCS, 2014 WL 1677991, at *2 (N.D. Cal. Apr. 28, 2014); *Williamson v. Google Inc.*, Case No. 15-CV-00966-BLF, 2015 WL 10890658, at *1 (N.D. Cal. Oct. 8, 2015). A stay is further justified "where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue.'" *PersonalWeb*, 69 F. Supp. at 1027 (quoting *Evolutionary Intelligence LLC v. Apple, Inc.*, Case No. 13-cv-04201 WHA, 2014 WL 93954, at *2 ( N.D. Cal. Jan. 9, 2014)). Courts in this District weigh three factors in evaluating motions to stay pending IPRs: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Williamson*, 2015 WL 10890658, at *1 (quoting *PersonalWeb*, 69 F. Supp. 3d at 1025, quotation marks omitted).

Apple's pending IPRs warrant a stay of this litigation until they are resolved. First, a trial

1  date has not yet been set by this Court. *PersonalWeb*, 69 F. Supp. 1026-27; *Williamson*, 2015 WL
2  10890658, at *2. And while fact and expert discovery have closed, briefing on *Daubert* and
3  dispositive motion is incomplete, and hearings on those motions remain. *Id*. This case was
4  previously stayed by the Texas Court and has no current deadlines; a stay pending IPRs would thus
5  maintain the status quo.

6       A stay also would conserve judicial resources. *Accoustic Tech., Inc. v. Silver Spring*
7  *Networks, Inc.*, Case No. 17-cv-02176-SK, 2017 WL 6001615, at *2 (N.D. Cal. Jul. 25, 2017)
8  (staying action pending review of all asserted claims "can reduce the burden on the Court and
9  preserv[e] the resources of both parties and the Court."). This case was just transferred to this Court,
10 and a stay would obviate the need for this Court to come up to speed on all of the pending issues.
11 The PTAB's decisions may limit the scope of those issues or eliminate the need for a trial altogether,
12 and thus, a stay could result in significant efficiencies.

13      Second, the PTAB's rulings on Apple's petitions are likely to simplify the issues in question
14 and the trial of this case by invalidating some or all of the asserted claims. The PTAB has instituted
15 an IPR against every asserted claim of each of the Asserted Patents. The PTAB's final written
16 decisions will resolve questions of invalidity based on any grounds that were raised or could have
17 been raised in the IPRs (*i.e.*, invalidity under § 102 and § 103 based on patents and printed
18 publications). Even a partial reduction in the number of claims could significantly render moot
19 related *Daubert* and summary judgment briefing, and would eliminate the need for trial on those
20 claims. Stays pending IPRs are "particularly effective" where, as here, all of the claims are patent
21 claims. *PersonalWeb*, 69 F. Supp. 3d at 1029.

22      Third, a stay will not unduly prejudice Omni. Omni does not practice the Asserted Patents,
23 does not sell any products, and does not compete with Apple. *Zomm*, 391 F. Supp. 3d at 958 (finding
24 that non-practicing patentee is not a competitor to defendant weighs in favor of stay); *PersonalWeb*,
25 69 F. Supp. 3d at 1030 (observing that "infringement [actions] among competitors can cause harm in
26 the marketplace" unlike cases "involving non-practicing entities"). Omni has not sought a
27 preliminary injunction or any other immediate relief in this action, and Omni would not be harmed
28 by a delay in receiving any potential damages. Apple filed this motion promptly after the PTAB

APPLE INC.'S MOTION TO STAY PENDING RESOLUTION OF STANDING MOTION
AND INTER PARTES REVIEWS – CASE NO. 19-CV-05924-YGR

1  instituted IPRs against the asserted claims of the Asserted Patents.

2  Every factor weighs in favor of a stay, and thus, this Court should stay the litigation pending Apple's IPRs.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court stay all proceedings pending resolution of Apple's Standing Motion or Apple's IPRs.

Dated: November 8, 2019

By: */s/ Thomas A. Broughan*

Vernon M. Winters (SBN 130128)
Irene Yang (SBN 245464)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104-1715
Telephone:     (415) 772-1200
Facsimile:      (415) 772-7400
Email: irene.yang@sidley.com
Email: vwinters@sidley.com

David T. Pritikin (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7359
Facsimile: (312) 853-7036
Email: dpritikin@sidley.com

Jeffrey P. Kushan (*Pro Hac Vice*)
Thomas A. Broughan III (*Pro Hac Vice*)
Hamilton C. Simpson (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
Email: jkushan@sidley.com
Email: tbroughan@sidley.com
Email: hsimpson@sidley.com

Ching-Lee Fukuda (*Pro Hac Vice*)
Sharon Lee (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

Facsimile: (212) 839-5599
Email: clfukuda@sidley.com
Email: sharon.lee@sidley.com

Kelley A. Conaty (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: kconaty@sidley.com

Brooke S. Zarouri (SBN 318372)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Phone: (213) 896-6633/Fax: (213) 896-6600
Email: bzarouri@sidley.com

*Attorneys for Defendant and Counter Claimant Apple Inc.*