**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OMNI MEDSCI, INC.,**<br><br>　　　　Plaintiff/Counter Defendant,<br><br>　v.<br><br>**APPLE INC.,**<br><br>　　　　Defendant/Counter Claimant. | Case No.: 19-cv-05924-YGR<br><br>**ORDER DENYING APPLE INC.'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION REGARDING SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 327 |

Now before the Court is Defendant Apple Inc.'s ("Apple") request for leave to file a motion for reconsideration under Civil Local Rule 7-9(a). (Dkt. No. 327.) The present case was transferred from the Eastern District of Texas on October 2, 2019. Prior to transfer, the Texas Court denied Apple's motion to dismiss for lack of subject matter jurisdiction based on plaintiff's alleged lack of ownership of the asserted patents. (Dkt. No. 276.) Apple now seeks reconsideration of the transferor court's denial. Having carefully considered the papers in support and in opposition, and the authority on which they are based, the Court **DENIES** the motion for leave.

Civil Local Rule 7-9(a) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in bringing a motion thereunder and one of the following:

 (i) the existence of a material difference in fact or law that was not known at the time of the order despite the exercise of reasonable diligence;

 (ii) the emergence of new material facts or change of law occurring after the time of the order; or

 (iii) a manifest failure by the Court to consider material facts or dispositive legal arguments already presented to the Court. Civil L.R. 7-9(a) and (b).

1

A motion for reconsideration offers an "extraordinary remedy, to be used sparingly in the interests of finality of conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)). It is not "a substitute for appeal or a means of attacking some perceived error of the court." *Asturias v. Borders*, No. 16-cv-02149-HSG-PR, 2018 WL 1811967, at *1 (N.D. Cal. Apr. 17, 2018). A party may not repeat any oral or written argument made in relation to the order for which it now seeks reconsideration. Civ. L. R. 7-9(c). Failure to comply with rule may subject the moving party to sanctions. *Id.*

Apple argues that the Texas court committed a "manifest failure" to consider material facts and dispositive law under Civil Local Rule 7-9(b)(3) in construing a contract between the Plaintiff's founder and president, Mr. Mohammed Islam, and the University of Michigan, which employed Mr. Islam at the time of the invention, as effecting an agreement to assign certain inventions to the University in the future. Apple argues that the contract properly effected an immediate assignment of all inventions made with the University of Michigan's resources to the University. As the University of Michigan never released its rights in the asserted patents, Apple asserts that Mr. Islam lacks standing to bring the current lawsuit.

Having considered the district court's prior order, as well as the law and the evidence presented, the Court detects no manifest error in its decision. The words "shall be" found in Mr. Islam's agreement with the University of Michigan ordinarily indicate an agreement to assign inventions in the future—not a present assignment. *Windy City Innovations, LLC v. Facebook, Inc.*, No. 16-cv-1730 YGR, 2019 WL 4645414, at *3 (N.D. Cal. Sept. 24, 2019) (citing *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1581 (Fed. Cir. 1991)). An agreement to assign in the future does not effect an immediate assignment or rob the inventor of standing to assert the patents. *DBB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008). The Texas court properly considered the language of the agreement—including that it describes "conditions governing assignment" and lacks words of "present conveyance"—to determine that it represented a future agreement to assign, rather than a present assignment of future interest.

Accordingly, the Court finds no manifest failure by the Texas court and **DENIES** Apple's request for leave to file a motion for reconsideration.

The Court further finds good cause exists and **GRANTS IN PART** Apple's motion to seal (Dkt. No. 326) as the request relates to the University of Michigan's confidential information with personnel and given the non-dispositive nature of the motion. (Dkt. No. 332.) As the Texas court's order and related motions had been filed under seal, the Court **GRANTS** Apple's motion to seal those papers. (Dkt. No. 335.) Finally, the Court **DENIES** the Regents of the University of Michigan's motion to file an amicus brief (Dkt. No. 341) and **GRANTS** its Michigan's motion to seal as moot. (Dkt. No. 340.)

This Order terminates Docket Numbers 326, 327, 335, 340, and 341.

**IT IS SO ORDERED.**

DATED: November 25, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**