UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMNI MEDSCI, INC., <br><br> *Plaintiff/Counter Defendant*, <br><br> v. <br><br> APPLE INC, <br><br> *Defendant/Counter Claimant*. | Case Nos.: 19-cv-05924-YGR <br><br> **[PROPOSED] ORDER GRANTING APPLE INC.'S UNOPPOSED MOTION FOR AN ORDER CERTIFYING THE STANDING QUESTION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AS MODIFIED BY THE COURT** |

Now before the Court is Defendant and Counter-Claimant Apple Inc.'s ("Apple") unopposed Motion for an Order Certifying the Standing Question For Interlocutory Appeal Under 28 U.S.C. § 1292(b). The Court has considered Apple's motion. Plaintiff Omni MedSci, Inc. believes that the standing issue was decided correctly, but it does not oppose Apple's motion. Accordingly, the Court **GRANTS** the motion for that reason and adopts the proposed order as set forth below.

Apple's motion seeks an order certifying the decisions related to Apple's motions to dismiss for lack of subject-matter jurisdiction for interlocutory appeal. Dkt. Nos. 151 & 227. Those decisions found that the employment agreement between the University of Michigan ("University") and Dr. Mohammed Islam—the founder and principal of Plaintiff and Counter-Defendant Omni MedSci, Inc. ("Omni")—did not automatically convey title to the asserted patents with the

1

University, and thus did not deprive Omni of standing to assert the patents after they were assigned to Omni from Dr. Islam. Instead, the employment agreement obligated Dr. Islam to assign his rights in the asserted patents to the University in the future. The relevant language from Dr. Islam's employment agreement, University Bylaw 3.10, provides that:

> Patents and copyrights issued or acquired as a result of or in connection with administration, research, or other educational activities conducted by members of the University staff and supported directly or indirectly (e.g., through the use of University resources or facilities) by funds administered by the University… *shall be the property of the University.*

Mot. to Dismiss Ex. 2A at UM00000049, Dkt No. 90-2 (emphasis added).

Section 1292(b) allows for interlocutory appeal when (1) an order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding that legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

Regarding the first prong of the § 1292(b) inquiry, if the appellant's success on appeal would result in dismissal of the case, as is the case here, the appeal involves a "controlling question of law." *See, e.g.*, *Canela v. Costco Wholesale Corp.*, Case No. 13-cv-03598-BLF, 2018 WL 3008532 at *1 (N.D. Cal. June 15, 2018). Standing and subject-matter jurisdiction are controlling issues of law. *See, e.g.*, *id.* ("Article III standing" is a controlling question of law). Moreover, standing and subject matter jurisdictions are reviewed *de novo* on appeal.

Regarding the second prong of the § 1292(b) inquiry, the Court finds that there is substantial ground for difference of opinion whether the contractual language at issue here—"shall be the property of the University"—operates as a present assignment of future rights or an obligation to assign rights in the future. A decision may be certified when it presents a "novel legal issue[ ] . . . on which fair-minded jurists might reach contradictory conclusions," and "not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

The Federal Circuit has not directly confronted the assignment language at issue here, making this a novel legal issue appropriate for interlocutory appeal. *See, e.g.*, *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374 (Fed. Cir. 2009); *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d

1273, 1274 (Fed. Cir. 2007); *Ritz Camera & Image, LLC v. SanDisk Corp.*, 700 F.3d 503, 505 (Fed. Cir. 2012); *Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*, 619 F.3d 1364, 1365 & n.2 (Fed. Cir. 2010). Moreover, courts considering similar language have reached different results. *Compare C.R. Daniels, Inc. v. Naztec Int'l Grp.*, LLC, Civil Action No. EHL11- 1624, 2012 WL 1268623, at *4 (D. Md. Apr. 13, 2012) (finding "hereby agree[s] that without further consideration to [him] any inventions or improvements that [he] may conceive, make, invent or suggest during [his] employment . . . shall become the absolute property of [the employer]" effectuates an automatic assignment), *Affymetrix, Inc. v. Illumina, Inc.*, 446 F. Supp. 2d 292, 296 (D. Del. 2006) (finding "shall be the exclusive property of [Affymax]" effectuates an automatic assignment), *and Alzheimer's Inst. of Am., Inc. v. Avid Radiopharmaceuticals*, Civil Action No. 10-6908, 2011 WL 3875341, at *10 (E.D. Pa. Aug. 31, 2011) (finding "[a]n invention which is made in the field or discipline in which the employee is employed by the University or by using University support is the property of the University and the employee shall share in the proceeds therefrom" "unambiguously vests ownership of . . . employees' inventions in the University"), *with Windy City Innovations, LLC v. Facebook, Inc.*, ___F. Supp. 3d ___, Case No. 16-cv-1730 YGR, 2019 WL 4645414, at *4 (N.D. Cal. Sept. 24, 2019). There is thus a substantial ground for a difference of opinion on the issues of law here—standing and subject matter jurisdiction.

Regarding the third prong of the § 1292(b) inquiry, a reversal by the Federal Circuit regarding Omni's standing to bring this suit would result in dismissal of the case, "conserv[ing] judicial resources and spar[ing] the parties from possibly needless expense if it should turn out that [the standing] rulings are reversed." *Bennett v. Islamic Republic of Iran*, 927 F. Supp. 2d 833, 846 n.15 (N.D. Cal. 2013) (citation omitted). That is "especially" true when, as here, the "action will likely [already] be stayed." *Su v. Siemens Indus., Inc.*, Case No. 12-cv-03743-JST, 2014 WL 4775163, at *3 (N.D. Cal. Sept. 22, 2014). Pursuant to a stipulation between the parties, the Court stayed this action on November 20, 2019 pending resolution of several *inter partes* review proceedings initiated by Apple. Dkt. No. 219.

Accordingly, the Court **GRANTS** Apple's motion and certifies the decisions related to Apple's motions to dismiss for lack of subject-matter jurisdiction, Dkt. Nos. 151 & 227, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

This Order terminates docket number 350.

It is therefore **ORDERED**.

DATED: February 14, 2020

The Honorable Yvonne Gonzalez Rogers
United States District Judge